IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBIN PROCTOR, | |
| v. | Civil No. CCB-22-2476 |
| LOUIS DEJOY. | |

**MEMORANDUM & ORDER**

In this workplace discrimination lawsuit, Robin Proctor seeks to hold her employer, the United States Postal Service ("USPS"), accountable for purportedly discriminating against her on the basis of her disability. On September 28, 2022, Proctor filed a four-count complaint in this court alleging that USPS's conduct constitutes unlawful (1) employment discrimination under Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*; (2) retaliation under Section 501 of the Rehabilitation Act; (3) interference with her rights under Section 501 of the Rehabilitation Act; and (4) retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). *See* Compl., ECF 1. Proctor filed the complaint through counsel, but just over two months later her attorneys withdrew due to "irreconcilable" issues in the attorney-client relationship. *See* Mot. to Withdraw, ECF 7; Order, ECF 9; Correspondence, ECF 10. As a result, Proctor is now proceeding pro se.

On February 9, 2023, USPS filed a motion to dismiss Count IV of the complaint, the Title VII retaliation claim, under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss, ECF 11. The court notified Proctor that USPS had filed the motion and that she had a right to respond within twenty-eight days. *See* Rule 12/56 Notice, ECF 12. Proctor has not filed a response.

As USPS's unopposed motion explains, Title VII does not prohibit discrimination on the basis of disability. *Triplin v. DHMH - Labs Admin.*, GLR-18-1225, 2019 WL 13312789, at *3-4

1

(D. Md. Sept. 30, 2019), *aff'd sub nom. Triplin v. Maryland Dep't of Health*, 794 F. App'x 336 (4th Cir. 2020) (collecting cases). Likewise, reporting disability-based discrimination cannot serve as a predicate to a Title VII retaliation claim. *See id.* Nevertheless, Proctor's Title VII claim is based solely on USPS's alleged retaliation in response to her report of discrimination due to disability—she alleges no other form of discrimination. *See* Compl. ¶¶ 122-26. Accordingly, even had Proctor responded to USPS's motion, her claim of retaliation in Count IV of the complaint could not have survived.

For these reasons, it is hereby **ORDERED** that the Motion to Dismiss, ECF 11, is **GRANTED** and that Count IV of the complaint is **DISMISSED**.

It is so Ordered.

   July 7, 2023  
Date

   /s/  
Catherine C. Blake  
United States District Judge